| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| *versus* § | CASE NO. 4:14-CR-44 (1) |
| § | |
| DENIS NOEL FLORES-HERNANDEZ § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Denis Noel Flores-Hernandez's ("Flores-Hernandez") pro se Letter Motion (#48), wherein he requests this court reconsider its February 7, 2019, Order denying his motion to correct his judgment and sentence. In his first motion, Flores-Hernandez argued that he was improperly given a 16-level enhancement for his 2004 Florida conviction for strong-arm robbery. To support his argument, Flores-Hernandez relied on the United States Supreme Court's decision in *Sessions v. Dimaya*, 138 S.Ct. 1204, 1212 (2018) (holding that the residual clause 18 U.S.C. §16(b)'s definition of "crime of violence" was unconstitutionally vague). In the February 7, 2019, Order, this court held that Flores-Hernandez's argument was foreclosed by the United States Court of Appeals for the Fifth Circuit's post-*Dimaya* decision in *United States v. Godoy*, 890 F.3d 531, 534 (5th Cir. 2018), *as revised* (June 25, 2018) (holding that the United States Sentencing Guidelines' ("USSG") incorporation of the residual clause in 18 U.S.C. §16(b)'s definition of "crime of violence" for purposes of non-binding sentencing recommendations is constitutionally permissible). This court further held that, even if the USSG's reliance on the residual clause of §16(b) was constitutionally offensive, it would not have changed the outcome of Flores-Hernandez's sentence because strong-arm robbery under Florida law meets the alternative definition of a crime of violence set forth in § 16(a). *See* 18 U.S.C. § 16(a) ("The term 'crime of violence' means . . . an offense that has as an element the

use, attempted use, or threatened use of physical force against the person or property of another.").

In the instant motion, Flores-Hernandez avers that *Dimaya* applies to his case. He points out that he was convicted of violating 8 U.S.C. § 1326(b)(2), which requires that the Government prove that he committed a crime of violence prior to a previous removal from the United States. Flores-Hernandez properly argues that because § 1326(b)(2) increases the statutory maximum sentence that may be imposed on a defendant to 20 years, a § 1326(b)(2) conviction cannot rely on the residual clause in § 16(b). *See United States v. Tzacir-Garcia*, 928 F.3d 448, 450 (5th Cir. 2019). While Flores-Hernandez is correct that his conviction cannot rest on the application of the residual clause in § 16(b), he is not entitled to the relief he seeks because robbery, under Florida law, is a crime of violence under § 16(a).

As explained in the February 7, 2019, Order, under Florida law, robbery requires that the government prove, as an essential element of the offense, the use, attempted use, or threatened use of physical force against the person of another. *See* FLA. STAT. § 812.13 ("Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear."); *Stokeling v. United States*, ___U.S.___, 139 S. Ct. 544, 549 (2019) ("Robbery under Florida law corresponds to that level of force and therefore qualifies as a "violent felony" under ACCA's elements clause.").

For the reasons set forth above in the Court's prior Order dated February 7, 2019, Flores-Hernandez's *pro se* Letter Motion (#48) is DENIED.

SIGNED at Beaumont, Texas, this 4th day of June, 2020.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE